IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DERYKE M. PFEIFER, SR., )<br>Reg. No. 15408-002, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Defendant. ) | CASE NO. 1:20-CV-764-WKW-KFP<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This *Bivens* action[1] is before the Court on a complaint filed by Deryke M. Pfeifer, Sr. Doc. 1.[2] Pfeifer purports to bring his suit against the United States of America, the defendant he names in his complaint. *Id*. at 1. In the body of his complaint, however, he alleges that Chief U.S. District Judge Emily C. Marks, U.S. Attorney Louis V. Franklin, Dr. Samantha E. DiMisa, and Attorney Preston L. Presley conspired to violate his constitutional rights by pursuing a malicious prosecution against him in the U.S. District Court for the Middle District of Alabama on charges of possessing ammunition as a convicted felon. Doc. 1 at 2. In June 2021, Judge Marks found Pfeifer not competent to

---

[1] A "*Bivens* action" is a suit for damages against a federal actor who, acting in his or her individual capacity under color of federal law, is alleged to have violated the plaintiff's constitutional rights. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971); *see Butz v. Economou*, 438 U.S. 478, 498–99 (1978). The standards of liability in *Bivens* actions are similar to the standards under 42 U.S.C. § 1983. *Butz*, 438 U.S. at 500; *Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993).
[2] References to documents docketed in this *Bivens* action (Case No. 1:20-CV-764-WKW-KFP) are designated as "Doc." References to document numbers in Pfeifer's Magistrate Judge case in this Court, Case No. 1:19-MJ-352-SRW, are designated as "Mj. Doc." References to document numbers in Pfeifer's criminal case in this Court, Case No. 1:19-CR-463-ECM-SRW, are designated as "Crim. Doc." All pinpoint citations are to the pages of the electronically filed documents in the Court's CM/ECF filing system, which may not correspond to pagination on the hard copies of the documents presented for filing.

stand trial on that charge, and Pfeifer is currently in the custody of the U.S. Attorney General at Federal Medical Center, Butner ("FMC Butner"), awaiting possible civil commitment as a mentally ill and dangerous person.[3] Pfeifer seeks money damages and release from federal custody,[4] and he asks that the persons who conspired in his malicious prosecution face criminal charges. Doc. 1 at 4–5.

I.  **STANDARD OF REVIEW**

The Prison Litigation Reform Act, 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees. 28 U.S.C. § 1915A. The Court must dismiss the complaint or any portion thereof that it finds (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915(A). The Court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under §1915(A)(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or an affirmative defense, such as the statute of limitations, would defeat

---

[3] The civil commitment action is pending in the U.S. District Court for the Eastern District of North Carolina, the federal district in which FMC Butner is located. *See United States v. Pfeifer*, Case No. 5:21-HC-2133-D (E.D.N.C.).

[4] The Court notes that a plaintiff cannot obtain release from custody, including release from civil commitment, in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Timms v. Johns*, 627 F.3d 525, 531–32 (4th Cir. 2010).

the claim. *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). A court is accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under § 1915A(b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001) (noting that the language in § 1915A(b)(1) mirrors the language in 28 U.S.C. § 1915(e)(2)(B)(ii), which tracks the language in Rule 12(b)(6)).

To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, when a successful affirmative defense, such as the applicable statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

A pro se pleading "is held to a less stringent standard than a pleading drafted by an attorney" and is liberally construed. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). However, such pleadings still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. BACKGROUND[5]

On November 7, 2019, ATF agents learned Pfeifer was posting videos on Facebook in which he was threatening a federal judge and President Trump. Mj. Doc. 1 at 2. In the videos, which Pfeifer was posting from a hotel room in Enterprise, Alabama, Pfeifer also named members of the Federal Defender's Office, the Secret Service, and the U.S. Attorney's Office and threatened to kill their family members. *Id*. In one video, two handguns could be seen in the hotel room. *Id*. Agents went to the hotel, where they saw Pfeifer exit the room and drive away in a car. *Id*. at 3. The agents stopped Pfeifer's vehicle after seeing him run a stop sign and speeding. *Id*. The agents smelled marijuana coming from inside the vehicle and searched it. *Id*. They found marijuana, a loaded Ruger handgun, and a magazine loaded with ammunition. *Id*. Agents obtained a warrant to search Pfeifer's hotel room, where they found several more loaded magazines. *Id*. The following day, a criminal complaint and arrest warrant were filed in this Court charging Pfeifer with possessing ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[6] *Id*. at

---

[5] The Court may take judicial notice of its own records and proceedings in other courts with a direct relation to matters at issue. *See Colburn v. Odom*, 911 F.3d 1110, 1112 (11th Cir. 2018); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); Fed. R. Evid. 201(b)(2), (c).

[6] Pfeifer had two prior felony convictions when the criminal complaint was issued. Mj. Doc. 1 at 3.

1. On December 4, 2019, a federal grand jury in this district indicted Pfeifer on the same felon-in-possession charge. Crim. Doc. 20. The criminal case proceeded on the indictment. *United States v. Pfeifer*, Case No. 1:19-CR-463-ECM-SRW (M.D. Ala.).

After Pfeifer's November 2019 arrest, the government and Pfeifer's defense attorney, Preston L. Presley, filed separate motions under 18 U.S.C. § 4241(a) asking the Court to order that Pfeifer be taken to a suitable BOP facility to evaluate his competency to stand trial on the felon-in-possession charge.[7] Mj. Docs. 8 and 9. The magistrate judge granted the parties' motions (Mj. Doc. 14), and Pfeifer was transferred for a competency evaluation at the BOP's Metropolitan Correctional Center ("MCC") in New York, NY.

Pfeifer's competency evaluation was conducted in January 2020 by Dr. Samantha E. DeMisa, a forensic psychologist at MCC. Crim. Doc. 24. Doctor DeMisa concluded that Pfeifer was not competent to stand trial and recommended that he be committed to a BOP facility for a period of restoration to competency.[8] Crim. Doc. 24 at 21. She filed her evaluation report with this Court in March 2020. *Id*. Judge Marks held Pfeifer's competency hearing in May 2020. Crim. Doc. 33. After the hearing, Judge Marks found Pfeifer not competent to stand trial and ordered him committed to the custody of the Attorney General under 18 U.S.C. § 4241(d) to evaluate whether his competency to stand

---

[7] The government and Presley knew of Pfeifer's history of mental illness and criminality. Mj. Doc. 8 at 1; Mj. Doc. 9 at 2. Pfeifer was indicted in 2014 for threatening President Obama. *See United States v. Pfeifer*, Case No. 1:14-cr-417-MHT (M.D. Ala.). Following a mental evaluation, he was found incompetent to stand trial in that case. As a result, and following a finding that he was unlikely to return to competency, Pfeifer was released to the custody of his niece under a number of conditions in July 2018.

[8] Dr. DiMisa found Pfeifer to suffer from "Delusional Disorder, Mixed Type-Grandiose and Persecutory, Continuous and Other Specified Personality Disorder, Antisocial Traits." Crim. Doc. 24 at 21.

trial was restorable in the foreseeable future. Crim. Doc. 34. Pfeifer was transferred to FMC Butner in North Carolina for that evaluation.

Pfeifer's restorability-evaluation was conducted in August 2020 by Dr. Evan S. DuBois, a forensic psychologist at FMC Butner. Crim Doc. 42. Doctor Dubois concluded there was no substantial likelihood Pfeifer's competency to stand trial was restorable in the foreseeable future. Crim. Doc. 42 at 13–14. He filed his evaluation report with this Court in December 2020. *Id*. In March 2021, after ordering and receiving statements from the parties about their positions on what steps the Court should take in light of Dr. DuBois's evaluation, Judge Marks held a status conference.[9] Crim. Doc. 49. On June 21, 2021, Judge Marks entered an order finding Pfeifer not competent to stand trial and not substantially likely to be restored to competency in the foreseeable future. Crim. Doc. 50. Judge Marks further ordered that a dangerousness evaluation for Pfeifer should be conducted at FMC Butner.[10] *Id*.

---

[9] At the status hearing, Judge Marks found that if she ruled Pfeifer was not competent and not restorable to competency, the next step in the case would be to order FMC Butner to conduct a dangerousness evaluation, and that if Pfeifer was found to be a danger, the federal court in North Carolina would have to determine whether his civil commitment was appropriate. Crim. Doc. 49. Subsections (a) and (d) of 18 U.S.C. § 4246 provides for the final dangerousness determination and civil commitment order to be made by the district court in the district where the defendant is confined. Subsection (d) of § 4246 states: "If, after [a] hearing, the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General"—that is, to be "civilly committed" on the basis of dangerousness.

[10] On June 22, 2021, the government submitted a Certificate of Mental Disease or Defect and Dangerousness in the U.S. District Court for the Eastern District of North Carolina certifying Pfeifer as a mentally ill and dangerous person and requesting that a forensic psychologist at FMC Butner be permitted to evaluate Pfeifer's dangerousness for submission to the court under 18 U.S.C. § 4246(b) and § 4247(b). *United States v. Pfeifer*, Case No. 5:21-HC-2133-D (E.D.N.C.) [Docs. 1, 1-1]. Additionally, the government requested that the court schedule a hearing to determine if Pfeifer should remain civilly committed to the Mental Health Department at FMC Butner. *Id*. [Doc. 1-1]. On June 25, 2021, the District Court for the Eastern District of North Carolina granted the government's request and ordered that a dangerousness (continued… )

## III. PFEIFER'S COMPLAINT

In his complaint, Pfeifer alleges that Judge Marks, U.S. Attorney Louis Franklin, Dr. DiMisa, and Presley (his counsel in his criminal case) conspired to violate his constitutional rights by pursuing a malicious prosecution against him on the felon-in-possession charge for which he was indicted in December 2019 and for which he has been found not competent to stand trial. Doc. 1 at 2–5. Pfeifer points to no specific acts by Franklin, except, presumably, his role as the U.S. Attorney in his prosecution on the felon-in-possession charge. Nor does Pfeifer point to any specific acts by his defense counsel, Presley. Regarding Judge Marks, Pfeifer appears to argue that she improperly entered orders in his criminal case—including orders regarding evaluation of his competency to stand trial—after, he says, the case was "terminated." *Id*. at 2. Pfeifer also alleges that Judge Marks ordered that he undergo the restorability-evaluation at FMC Butner to "silence" his "kidnapping allegations." *Id*. at 3. Pfeifer alleges that Dr. DiMisa (at MCC) aided in the conspiracy to continue the malicious prosecution by failing to "report the unlawful actions of the Court" and by evaluating his mental competency and submitting a report with her evaluation to the Court—even though, according to Pfeifer, the criminal case had been terminated. *Id*.

Pfeifer's allegations against Judge Marks and Dr. DiMisa appear largely to be based on his mistaken belief that his criminal case had been terminated when Judge Marks

---

evaluation of Pfeifer be conducted at FMC Butner. *Id*. [Doc. 5]. The dangerous evaluation was conducted in July 2021 and was submitted to the court in August 2021. *Id*. [Doc. 17]. Proceedings on the matter were stayed for several months until May 2022. *Id*. [Doc. 40]. The proceedings are ongoing in the District Court for the Eastern District of North Carolina.

entered orders in the case and Dr. DiMisa conducted her competency evaluation and submitted her report to the Court. However, Pfeifer's criminal case had not been terminated at the time of the actions of Judge Marks and Dr. DiMisa complained about by Pfeifer.

## IV. DISCUSSION

### A. Sovereign Immunity

Pfeifer names the United States as the defendant in this *Bivens* action. Doc. 1 at 1. However, under the doctrine of sovereign immunity, the United States is immune from suit unless Congress has expressly waived immunity by statute. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The United States' consent may not be implied; it must be "unequivocally expressed." *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33–34 (1992). Because the United States has not waived its sovereign immunity and consented expressly to be sued in a *Bivens*-type action, such suits cannot be brought against the United States. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982); *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 104, n.4 (2d Cir. 1981). Thus, Pfeifer's suit against the United States is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

### B. Other Immunities from Suit

Similarly, the judge, prosecutor, and psychiatric professional involved in Pfeifer's criminal proceedings and the evaluation of his competency to stand trial in the criminal case are entitled to judicial or prosecutorial immunity regarding any claims related to acts taken within the scope of their respective judicial or prosecutorial functions. *Imbler v.*

8

*Pachtman*, 424 U.S. 409, 422–24 & n.20, 430 (1976) (judges and prosecutors entitled to immunity from claims for civil damages for acts taken within the scope of their judicial or prosecutorial functions).

### 1. U.S. District Judge Marks

Judges are absolutely immune from suit and are not subject to liability for judicial actions taken within their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). This immunity extends to claims brought under *Bivens* and 42 U.S.C. § 1983. *Stump v. Sparkman*, 435 U.S. 349, 355–57 (1978). Absolute judicial immunity extends to all claims, whether for damages or for injunctive relief. *Bolin v. Story*, 225 F.3d 1234, 1239–42 (11th Cir. 2000).

Judge Marks's contact with Pfeifer was in her judicial capacity in his criminal case. Her orders and rulings, including those regarding Pfeifer's competency to stand trial, were entered in the criminal case. In making those rulings, Judge Marks did not act in the "clear absence of all jurisdiction." While Pfeifer asserts that his criminal case had been terminated at the time Judge Marks entered her orders, that is simply not so. Judge Marks is entitled to absolute judicial immunity from Pfeifer's suit, and the claims against her are due to be dismissed under § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

### 2. U.S. Attorney Franklin

To the extent Pfeifer sues U.S. Attorney Franklin for his initiation and pursuit of the criminal prosecution, Franklin is immune from suit. Prosecutors have absolute immunity for their prosecutorial actions. *Imbler*, 424 U.S. at 430–31 (holding that a state prosecuting officer had absolute immunity under § 1983 when initiating a prosecution and when

presenting a state's case); *Bolin*, 225 F.3d at 1242 (extending immunity to federal prosecutors in *Bivens* actions). Prosecutorial immunity protects prosecutors for all actions they take while performing their functions as advocates for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Absolute immunity "applies to the prosecutor's actions in initiating prosecution and in carrying the case through the judicial process." *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Franklin is entitled to absolute prosecutorial immunity from Pfeifer's suit, and the claims against him are due to be dismissed based on this doctrine. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

   3.  **Dr. DiMisa**

To the extent Pfeifer sues Dr. DiMisa for conducting the court-ordered evaluation of his competency to stand trial and then submitting a report with her evaluation to the Court, Dr. DiMisa is immune from suit. "[C]ourt-appointed psychiatrists are entitled to absolute judicial and witness immunity for their conduct in completing competency exams and furnishing written reports." *Harden v. Green*, 27 F. App'x 173, 177 (4th Cir. 2001); *see also Hughes v. Long*, 242 F.3d 121, 128 (3d Cir. 2001) (holding court-appointed mental health professional conducting competency exam entitled to absolute judicial immunity as to claims arising out of conduct in completing the exam because mental health professional was "functioning as an arm of the court"). Dr. DiMisa is entitled to absolute immunity from Pfeifer's suit, and the claims against her are due to be dismissed under § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

  Further, to the extent Pfeifer alleges that Dr. DiMisa and Judge Marks acted against him after his criminal case had been terminated, Pfeifer's claim is devoid of factual support.

Prisoner claims require "some minimum level of factual support" to survive frivolity review. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Defense Attorneys Are Not Federal Actors.

Pfeifer names Presley, the attorney representing him in his criminal case, as a participant in the conspiracy to pursue his malicious prosecution. As indicated above, Pfeifer identifies no acts by Presley supposedly violative of his constitutional rights. In any event, defense attorneys are not federal actors subject to *Bivens* liability, even if the claims are related to court-appointed representation. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981). A *Bivens* action cannot be maintained against defense counsel in a criminal proceeding because counsel does not act under color of law. *Richards v. Flynn*, 263 F. App'x 496 (7th Cir. 2008). An attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the government, but is instead the government's adversary and hence cannot be subjected to liability under *Bivens*. *See Polk County*, 454 U.S. at 318–19 n.7, 323 n.13. Accordingly, Pfeifer's claims against Presley are due to be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### D. Conspiracy Claim

Pfeifer fails to set forth sufficient facts to support his claim that Judge Marks, Franklin, Dr. DiMisa, and Presley conspired to violate his constitutional rights by pursuing a malicious prosecution against him. To state a conspiracy claim under *Bivens*, a plaintiff must show an underlying actual denial of his constitutional rights. *GJR Investments, Inc.*

*v. County of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998), *rev'd on other grounds, see Randall v. Scott*, 610 F.3d 707, 709 (11th Cir. 2010). "[A] plaintiff 'must show that the parties "reached an understanding" to deny the plaintiff his or her rights [and] prove an actional wrong to support the conspiracy.'" *Bailey v. Bd. of Cty. Comm'rs of Alachua Cty.*, 956 F.2d 1112, 1122 (11th Cir.) (quoting *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1991)). Sufficient factual information must be presented so there is an adequate basis for believing the conspiracy existed. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must show that the defendants reached an agreement or understanding to commit the acts. *Hadley v. Gutierrez*, 526 F.3d 1324 (11th Cir. 2008).

Pfeifer's allegations of conspiracy are not based on any underlying constitutional violation. He fails even to allege that the parties he names acted without probable cause, a necessary element of malicious prosecution. *See Harris v. Goderick*, 608 F. App'x 760, 762 (11th Cir. 2015). Nor has there been a favorable termination of his criminal case. *Id*. Further, Pfeifer fails to allege that any of the named parties reached an understanding to deny him any right. He presents no facts showing that the parties conspired to pursue a malicious prosecution. His conclusory allegations fail to set forth material facts necessary to establish a conspiracy. This claim is therefore frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) and § 1915A(b)(1).

## V.  CONCLUSION

The undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED prior to service of process under the directives of 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) and § 1915A(b)(1)–(2).

Further, it is ORDERED that the parties may file any objections to this Recommendation by **July 5, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the magistrate judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the district court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; see also *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE on this 21st day of June, 2022.

/s/ Kelly Fitzgerald Pate  
KELLY FITZGERALD PATE  
UNITED STATES MAGISTRATE JUDGE